UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHASSIDY CALVERT, | : | Case No. 1:22-cv-384 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SHAUN SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (Doc. 17)**

This case is before the Court on Plaintiff Chassidy Calvert's motion for default judgment. (Doc. 17). Defendants did not respond.

**I.  BACKGROUND**

**A. Facts**

Plaintiff incurred a debt (the "Debt") connected to the purchase of a Toyota automobile for personal use. (Doc. 5 at ¶ 15). According to Toyota, the Debt was so old that Toyota has no information on it, making the Debt out of statute. (*Id.* at ¶ 16).

Even so, in late 2021, an employee of "Adams, Barnes, and Associates" (hereinafter, "Defendants")[1] called Plaintiff to try and collect on the Debt. (*Id*. at ¶ 17). The employee also threatened to file a lawsuit in Clermont County, Ohio against

---

[1] The Court granted Plaintiff leave to conduct initial, expedited discovery after preliminary attempts to discover the true identity and to locate "Adams, Barnes, and Associates" proved futile. (Docs. 2, 3). Initial discovery showed that "Adams, Barnes, and Associates" is an unregistered pseudonym used by Defendant Shaun Smith and his alter egos, Defendants S.E. & Associates and TrinityTech Solutions. (Doc. 5 at ¶¶ 5-14, 20-22).

Plaintiff.  (*Id.*)  In early January 2022, an employee of Defendants called Plaintiff again, pretending to be calling on behalf of a Clermont County magistrate judge and threatening Plaintiff with imprisonment for failing to pay the Debt.  (*Id.* at ¶ 23).  Believing the threat was credible, and being on supervised release at the time, Plaintiff called her parole officer in a panic.  (*Id.* at ¶¶ 24, 43).

On January 17, 2022, an employee of Defendants, "Chanel," left both Plaintiff and her sister voicemails, reaching out about the purported Clermont County action and instructing Plaintiff that if she did not call back that day, Defendants would "move forward without [Plaintiff's] consent."  (*Id.* at ¶¶ 25-26).

On January 18, 2022, Plaintiff called the number provided in the voicemails, and was told that the Debt was $55,804.89, but she could settle the Debt for a lump-sum payment of $5,625.38.  (*Id*. at ¶ 28).  On January 20, 2022, Plaintiff called again, asking Defendants to put the offer in writing, which Defendants agreed to do.  (*Id*. at ¶ 29; Doc. 5-1).  Plaintiff also informed Defendants that she had counsel, that any future communications must go through counsel, and that Defendants could not call her again.  (Doc. 5 at ¶ 30).

On March 16, 2022, another employee of Defendants, "Andrew Latham," left Plaintiff a voicemail, attempting to discuss the Debt and Plaintiff's options for repaying the Debt.  (*Id*. at ¶ 38).  The following day, Plaintiff and her counsel returned the phone call and spoke to Latham.  (*Id*. at ¶ 39).  Latham claimed that the voicemail was left in error and that the Debt had been returned to the client.  (*Id*. at ¶ 40).  However, Latham also claimed that Defendants did not engage in Debt collection.  (*Id*. at ¶ 41).

Plaintiff then initiated this action, claiming that Defendants' actions violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio. Rev. Code § 1345.01 *et seq.*

**B. Procedural History**

Plaintiff filed her operative, Amended Complaint on December 9, 2022 against Defendants Shaun Smith, S.E. & Associates, LLC, and TrinityTech Solutions, LLC. (Doc. 5). TrinityTech Solutions was served with a copy of the summons and Amended Complaint on December 12, 2022. (Doc. 11). S.E. & Associates was served with a copy of the summons and Amended Complaint on December 14, 2022. (Doc. 8). Shaun Smith was served with a copy of the summons and Amended Complaint on December 19, 2022. (Doc. 12). All Defendants were required to serve an answer or otherwise respond to the Amended Complaint no later than January 9, 2023. To date, no responsive pleading has been filed or served. On June 26, 2023, the Clerk properly entered default as to all Defendants. (Doc. 16). On August 14, 2023, Plaintiff filed the instant motion for default judgment. (Doc. 17).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). "Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wood v. Bronzie*, No. 1:20-CV-231, 2020 WL 4015247, at *1 (S.D. Ohio July 16, 2020) (quotation and citations omitted). To do so, the civil rules "require that the

3

party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-CV-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

When considering damages, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June. 23, 2010). To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Wood*, 2020 WL 4015247, at *1 (citation omitted).

### III.  ANALYSIS

Plaintiff moves for default judgment and an award of damages pursuant to the FDCPA and the OCSPA. Because Defendants have defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true.

Upon review of the record, the undersigned finds that default judgment is warranted in this case. Defendants' failures to respond to the Amended Complaint, applications for entry of default, and motion for default judgment have made clear to the Court that Defendants have no intention of defending this action. And, based on the allegations in the Amended Complaint, which the Court accepts as true, and the

4

averments in affidavits submitted in support of default judgment, the Court finds that Defendants' conduct violated the FDCPA and the OCSPA. With liability established, the Court must determine the extent of damages.

Here, Plaintiff seeks $1,000 in statutory damages under the FDCPA; $600 in statutory damages under the OCSPA; $5,000 in actual damages; $3,885.50 in attorney fees, and $777 in costs.

### A. Statutory Damages under the FDCPA

Pursuant to the FDCPA, a successful plaintiff may recover, at maximum, $1,000 in statutory damages. 15 U.S.C. § 1692k(a)(2)(A). In awarding statutory damages under § 1692k(a)(2)(A), "the court shall consider . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). *See, e.g., Cunningham v. Acct. Processing Grp. LLC*, No. 2:21-CV-0120, 2022 WL 900618, at *5 (S.D. Ohio Mar. 28, 2022) (awarding maximum statutory damages when defendants had "engaged in several purposeful violations of the FDCPA"); *Pastian v. Internal Credit Sys., Inc.*, No. 3:17-CV-252, 2021 WL 4704635, at *2 (S.D. Ohio Oct. 8, 2021) (maximum statutory damages awarded when defendant "violated the FDCPA in multiple respects," including "misrepresentations about the possibility of 'jail time' and the unprovoked use of coarse and derogatory language").

Here, accepting the factual pleadings as true, Defendants made multiple phone calls to Plaintiffs to collect the Debt, impersonated the staff of a court officer to try and intimidate Plaintiff into paying the Debt, suggested that Plaintiff could be imprisoned for

5

failing to pay the Debt, and then disappeared once directly contacted by Plaintiff's counsel. Given Defendants' conduct, the Court determines that the maximum statutory penalty is appropriate.

Accordingly, Plaintiff is awarded $1,000 in FDCPA statutory damages.

### B. Statutory Damages under the OCSPA

The OCSPA provides in relevant part that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act violates this section whether it occurs before, during, or after the transaction." Ohio Rev. Code § 1345.02(A). Statutory damages under the OCSPA are set "at three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater." Ohio Rev. Code § 1345.09(B). Each violation causing a "separate and distinct harm" may support a separate award of statutory damages. *Charvat v. NMP, LLC*, 656 F.3d 440, 452 (6th Cir. 2011).

Plaintiff seeks $600 for three distinct violations of the OCSPA by Defendants and Defendants' agents: (1) deceiving Plaintiff about the actions Defendants were allowed to take; (2) deceiving Plaintiff regarding the amount to be collected; and (3) providing false information regarding Plaintiff's rights and obligations. (Doc. 13 at 15–16). Given the allegations of the Amended Complaint, which the Court deemed true, the Court is satisfied that Plaintiff has shown (at least) three distinct violations of the OCSPA and Plaintiff's request for statutory damages under the OCSPA is appropriate.

Accordingly, Plaintiff is awarded $600 in OCSPA statutory damages.

### C. Actual Damages

The FDCPA allows a consumer to recover "any actual damage sustained" as a result of a debt collector's failure to comply with the FDCPA. 15 U.S.C. § 1692k(a)(1). Actual damages may be awarded "to compensate for out-of-pocket expenses incurred." *Rainier v. Law Offices of John D. Clunk Co., L.P.A.*, No. 2:13-CV-1173, 2017 WL 9439263, at *11 (S.D. Ohio Sept. 22, 2017) (citation omitted). Actual damages may also be awarded to compensate "for emotional distress, humiliation, and embarrassment." *Dowling v. Litton Loan Servicing, LP*, No. 2:05-CV-98, 2006 WL 3498292, at *10 (S.D. Ohio Dec. 1, 2006). A plaintiff may rely on her own testimony to establish emotional distress damages. *Leonard v. John Doe Corp.*, No. 2:19-CV-2142, 2020 WL 3642562, at *3 (S.D. Ohio July 6, 2020). However, the plaintiff must explain the circumstances of her injury in reasonable detail. *Id.*

Here, Plaintiff seeks $5,000 in actual damages. In support of actual damages, Plaintiff submitted a signed declaration describing her emotional distress caused by the repeated unlawful calls and threats by Defendants. (Doc. 17-2). For example, Plaintiff states that she had a panic attack, resulting in her calling the EMTs, she "felt like [she] was drowning," and her stress and anxiety increased. (*Id.*) Given the foregoing, the Court concludes that emotional distress damages are appropriate in this case. Moreover, in line with other FDCPA decisions, the Court finds that an award of $5,000 to be supported by the evidence submitted and will adequately compensate Plaintiff for her emotional distress suffered. *E.g.*, *Cunningham*, 2022 WL 900618, at *6 (awarding

7

$5,000 in emotional distress damages); *Blevins v. MSV Recovery LLC*, No. 1:19-CV-276, 2020 WL 4365634, at *5 (S.D. Ohio July 30, 2020) (same).

Accordingly, Plaintiff is awarded $5,000 in actual damages.

### D. Attorney's Fee and Costs

Plaintiff seeks an award of attorney's fees. The FDCPA provides for an award of reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas,* 109 F.3d 302, 307 (6th Cir. 1997). District courts use the lodestar method to determine an award of reasonable attorney's fees. The lodestar amount is "calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008).

#### 1. Reasonable Hourly Rate

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Village of Sebring,* 36 F.3d 517, 531–32 (6th Cir. 1994), *cert. denied,* 514 U.S. 1127 (1995). "A reasonable fee is one that is 'adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.'" *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004). To determine a reasonable hourly rate, a useful guideline is the prevailing market rate in the relevant community, defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command." *Id.* at 447 (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)).

Plaintiff has submitted the declaration of Jonathan Hilton, attorney for Plaintiff, in support of her claim for fees. (Doc. 17-1). Plaintiff seeks $330 per hour for attorney work and $100 for paralegal work. Based on the documentary support provided by Plaintiff and the experience of the timekeepers, the Court finds that these rates are reasonable. *See Morton v. O'Brien*, No. 2:18-CV-445, 2022 WL 1637725, at *4 (S.D. Ohio May 24, 2022), *aff'd*, No. 22-3417, 2023 WL 2755658 (6th Cir. Apr. 3, 2023) (collecting sources tending to show median hourly rate for credits rights attorneys in 2017-2018 was $325); *id*. ($425 and $400 hourly rates for attorneys with over 40 and 18 years of experience was reasonable); *Rash v. Mercantile Adjustment Bureau, LLC*, No. 2:20-CV-5045, 2022 WL 1637674, at *2 (S.D. Ohio May 24, 2022) ("The reasonable rate for paralegals in this district is between $100 and $130 per hour.") (collecting cases); *Miller v. Ability Recovery Servs.*, LLC., No. 1:18-CV-266, 2019 WL 1227777, at *5 (S.D. Ohio Mar. 15, 2019) (finding $100 rate for "all other employees" reasonable).

2. **Reasonable Number of Hours**

For reasonable number of hours, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp*., 898 F.2d 1169, 1177 (6th Cir. 1990). "The documentation offered in support of the hours charged must be of sufficient detail to enable a court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of such litigation." *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D. Ohio 2010), *aff'd in part, rev'd in part*, 499 F. App'x 538 (6th Cir. 2012)

9

(citing *United Slate Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502, n. 2 (6th Cir.1984)).

Counsel has submitted a timesheet of the hours billed in this case. (Doc. 17-3). In total, 9.6 hours at the attorney rate and 7.1 hours at the paralegal rate were billed on the matter. (*Id.*) The Court finds that the number of hours expended was reasonable, particularly given the fact that counsel needed to seek initial, expedited discovery to identify Defendants. *See e.g., Gilden v. Platinum Holdings Grp., LLC*, No. 1:18-CV-343, 2019 WL 590745, at *4 (S.D. Ohio Feb. 13, 2019) (finding 19.18 attorney hours and 9.26 summer associate hours to be reasonable in FDCPA case).

### 3. Costs

Finally, Plaintiff seeks $777 in costs. (Doc. 17-3 at 3). The FDCPA authorizes an award of costs. 15 U.S.C. § 1692k(a)(3). The Court finds that $777 in costs is reasonable and compensable pursuant to the FDCPA.

### IV. CONCLUSION

For these reasons, Plaintiff's motion for default judgment (Doc. 17) is **GRANTED**. Accordingly:

1. Plaintiff is awarded $11,262.50, representing $1,000 in statutory damages under the FDCPA; $600 in statutory damages under the OCSPA; $5,000 in actual damages; $3,885.50 in attorney fees; and $777 in costs.

2. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

Date:  9/7/2023

*s/Timothy S. Black*
Timothy S. Black
United States District Judge